# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leonard Keith Hopson, | No. CV-16-03859-PHX-DLR |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Michelle H. Burns (Doc. 37) regarding Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 13). The R&R recommends that the amended petition be denied and dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. Petitioner filed an objection to the R&R on April 30, 2019 (Doc. 46) and Respondents filed their response on May 2, 2019 (Doc. 47).

The Court has considered the objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The Magistrate Judge correctly found that Petitioner's claims are procedurally defaulted. Petitioner failed to fairly present his habeas claims in the state court and failed to pursue relief in a procedurally appropriate manner.

Petitioner was sentenced on October 4, 2012. Pursuant to the Arizona Rule of Criminal Procedure 32.4(a), Petitioner had until January 2, 2013, ninety days after

sentencing, to file his state court petition for post-conviction relief ("PCR"). He filed a PCR on May 2013, four months after the deadline. The trial court properly dismissed the filing as untimely. Petitioner did not seek appellate review of the dismissal order. His claims are barred from habeas review because the state court "would now find the claims procedurally barred." *Franklin v. Johnson*, 290 F.3d 1223, 1230-31 (9th Cir. 2002); *see* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(a), 32.4(a), 32.9(c).

The Magistrate Judge also correctly found no legal reason to overlook Petitioner's procedural default. Petitioner failed to point to an external cause that prevented him from following the procedural rules of the state court. He failed to demonstrate that a miscarriage of justice would result. Petitioner failed to demonstrate a credible claim of actual innocence.

One objection raised by Petitioner is relevant to the finding that Petitioner procedurally defaulted his claims: the claim of actual innocence. The other objections are irrelevant. Petitioner argues that he is actually innocent because he was prosecuted after the expiration of the statute of limitations. However, a claim of actual innocence requires a showing that the Petitioner is actually innocent, not that there is a procedural failure in the prosecution of the case against him. Additionally, his claim that his conviction was barred by the statute of limitations was foreclosed by his guilty plea. *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1997). The Court therefore accepts the R&R within the meaning of Federal Rule of Civil Procedure 72(b) and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that the R&R (Doc.37) is **ACCEPTED**. Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 13) is **DISMISSED** with prejudice. A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the amended petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right. The Clerk of the Court shall enter judgment denying and dismissing Petitioner's Amended

| | |
|---|---|
| 1 | Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 13) with |
| 2 | prejudice and shall terminate this action. |
| 3 | Dated this 16th day of May, 2019. |

_____
Douglas L. Rayes
United States District Judge